OPINION
BERNICE BOUIE DONALD, Circuit Judge.
Petitioner Mark Langford, an Ohio state prisoner, filed a writ of habeas corpus *389 pursuant to 28 U.S.C. § 2254, claiming several grounds for relief from his state trial court conviction for murder. The district court conditionally granted and denied the petition in part, and both sides appealed. We affirmed the district court’s decision in all respects. This decision was remanded from the Supreme Court in light of the Supreme Court’s decision in Davis v. Ayala, 576 U.S. -, 135 S.Ct. 2187, 192 L.Ed.2d 323 (2015). Because the Supreme Court’s decision in Ayala is procedurally different than this case, we continue to AFFIRM the district court’s decision.
Langford petitioned in federal district court for a writ of habeas corpus, seeking relief on several grounds: (1) pre-indictment delay violated his rights to due process and a fair trial; (2) the trial judge failed to instruct the jury on the mens rea for complicity; and (3) his appellate counsel was ineffective for failing to raise several issues to the state court of appeals. See Langford v. Warden, Ross Corr. Inst., No. 2:12-CV-0096, 2013 WL 459196 (S.D. Ohio Feb. 7, 2013). The district court granted Langford relief on the jury instruction issue and dismissed Langford’s other claims. See Langford v. Warden, Ross Corr. Inst., No. 2:12-CV-96, 2013 WL 3223379 (S.D. Ohio June 25, 2013). This Court affirmed the district court’s decision in Langford v. Warden. Langford v. Warden, Ross Correctional Inst., 593 Fed.Appx. 422, 427-33 (6th Cir. 2014), finding that the trial judge failed to instruct the jury on the mens rea for complicity and the state court’s decision to the contrary was unreasonable in light of the language of the jury instructions and the record as a whole.
The crux of the Supreme Court’s decision in Ayala is that courts on collateral review have to give a heightened degree of deference to the state court’s review of a harmless error decision. Ayala, at 2197. Thus, habeas petitioners, under Ayala, are not entitled to habeas relief based on trial court error unless they can establish that it resulted in “actual prejudice.” Id. Since there was no state court review of harmless error in this case, Ayala does not apply to the facts of this case because this Court could not give deference to the state court’s determination of harmless error. Therefore, we uphold our decision granting Langford habeas relief and affirming the district court’s decision.